Good morning, Your Honors, Counsel. My name is Krista Hart. I represent Deshawn Ray, appellant in this matter, and my goal here is to reserve three minutes for rebuttal. A criminal defendant makes a very significant decision early on in his case, and that is who his attorney should be, who he should hire to represent him in this case. And in this case, Mr. Ray hired trial counsel. In 2011, about three years prior to trial. However, in the interim, trial counsel suffered some pretty significant ethical hurdles, so to speak. And prior to trial, he had been adjudged by the state bar court of significant instances of misconduct, incompetence, failure to communicate with client, in addition to commingling funds, et cetera. However, prior to trial, something motivated the trial counsel to inform Mr. Ray of this. The problem is he was not forthright. He said this was minor and it only involved misuse of funds. I believe he said paying personal expenses out of his business account, which was in no way complete and which was in no way accurate at all. But based on that, Mr. Ray decided to keep Mr. Engel as his attorney. And that was not an informed decision because he did not have all the information. So in July. Just can I interrupt? Sure. Is this leading to one of the two ineffective assistance claims you have argued? Because this is not ringing a bell for me. This was in his declaration, which is part of the excerpts of record at page 25. Not the facts you're reciting, but rather the relevance to the legal issues before us in this appeal. It is raised. It was raised. I recited all of the facts regarding trial counsel in the opening brief. And then in the reply brief, I highlighted that fact. I tied the two, the client's declaration at page 25 in the excerpts of record with the opinions that are also in the initial excerpts of record and tied those two together to say that, yes, this is an issue. I thought just to help me, and maybe I'm getting this, the issue's confused. I thought the two ineffective assistance claims were the failure to contest the government's 404B motion, right? And the failure to prepare your client adequately for testimony. Am I getting this case confused with anything? No, you're not. You're not. And that's the issue. What is what you were just talking about have to do with those two issues? That's where I'm getting confused. Well, it has to do with, I mean, why Mr. Wray even had Mr. Engel as his trial counsel? I mean, it goes to even prior to those two issues. And so it was raised and presented in, as he said, the excerpts of record in Mr. Wray's declaration that he filed in district court that this was a problem. So are you just giving these as background to explain that counsel had problems that might explain the problems that Judge Watford asked about? Or are you saying that somehow he was denied his choice of counsel or some other kind of claim? Both. This is background as to what trial counsel was facing in the months preceding trial when he ostensibly should have been preparing for trial. He was facing a trial in the state bar court. The first decision was issued in July of 2014, just a few months before the trial in this case. And then the second was the Sacramento Superior Court civil judgment against him, finding him incompetent. And that was issued in November, just a month before the trial in this case. So why aren't these issues that should be developed in a collateral proceeding instead of this one? Because in this case, the district court judge made a decision to entertain the ineffective assistance of counsel claim prior to trial pursuant to Steele. The court cited Steele and relied on Steele. And in Steele, it says that if necessary, there should be an evidentiary hearing. So there wasn't an evidentiary hearing. Correct. So are you asking? So say we disagree with what the district court did and think that these things need more development in the record than you currently have to properly consider these claims. What should we do? Vacate the judgment and conviction and remand for an evidentiary hearing on the motion for new trial. And why not vacate the judgment and wait for a collateral? Vacate the judgment that there was not an effective assistance of counsel, because that was done without a proper record, and then just wait for a collateral proceeding. But I don't understand. Vacate the judgment? I am a little concerned that the district court reached this issue. So the district court reached the ineffective assistance of counsel arguments, but without having a hearing. And it seems that maybe you do have a point that these need further development. But usually, we don't develop these things on direct review. We usually develop them on collateral review. So it's kind of a weird posture that you're in. And I'm wondering why it should be on collateral review. I'm not saying it should be developed on direct appeal, because the record is what the record is. I'm saying that if, first of all, my first position is that the evidence is sufficient. Mr. Wray was unable to make an informed decision about his counsel. And therefore, he was denied a full Sixth Amendment right to the effective assistance of counsel when trial counsel failed to disclose the rulings from the State Bar Court and the Sacramento County Superior Court. That's the first issue. However, if, as the government argues, the case, the record is not fully developed, then you should remand to the district court for proceedings. And the reason is because on collateral attack, defendants do not initially get counsel and may not get appointed counsel at all. And Steele points that out in its opinion, that that's one of the reasons that courts should exercise this discretion pre-judgment. Because Mr. Wray, sitting in prison, is not going to be able to interview witnesses, contact trial counsel to get a declaration from him, is not going to be able to subpoena records, is not going to have that opportunity. And so basically, Steele allows for this procedure. And by just now saying, OK, well, we're just going to do it collaterally, denies Mr. Wray his right to have counsel and have assistance, and I think fully and fairly developed the issue for the court to view. I'm looking at your opening brief, the table of contents. Yes. And you raise two, and exactly two, ineffective assistance claims. And they are the two that I outlined. It has nothing to do with anything about the State Bar proceedings in any of that. I agree with that. The problem is this is not necessarily, I mean, this is not an ineffective assistance of counsel claim, so to speak. So. That's how you've argued it. Well, but it's a denial of a Sixth Amendment right to counsel, which is slightly different. But that's not how you framed it in your brief, is it? I thought you were arguing an effective assistance of counsel also. That is how it was presented in the opening brief. And then when, but it was presented through the client's declaration and through. Well, listen, I mean, if you have some other claim that you want to raise in a 2255, you're welcome to do that. But the only two claims before us, as I see it, in looking at your brief, are that this lawyer was ineffective because he didn't oppose that Rule 404B motion, and he didn't adequately prepare your client for trial. And the district court ruled on both of those. I'm not sure we need much more of an evidentiary record to rule that on the merits of those two claims. If there's some other claim lurking out there that you think you've interjected into this proceeding, we'll just not reach it, and you can raise it on collateral review, right? But I guess my problem is that if you raise it on collateral review, then Mr. Wray will be denied the right to have counsel, the assistance of counsel, most likely. But isn't that our normal procedure? When people raise ineffective assistance of counsel on direct review, we almost always wait for a 2255. But Steele has expressly provided defendants with this vehicle. The district court engaged in the Steele procedure in this case. He did not go far enough. If the record is not sufficiently developed, then it should be remanded to address the IAC claims that were raised prior to judgment. So you've managed to consume all of your time without reaching the merits of either of the arguments that are properly before us. I'm happy to give you a little bit of time if you want, if there's something you want to tell us about those two arguments. But this, the stuff you've been talking about so far in my mind is neither here nor there, as far as this proceeding is concerned. So what do you have to say about the merits of the claims that you've actually briefed to us? Those are laid out in my opening brief. I have a minute left, which I would like to reserve for rebuttal. Fine. We'll hear from the government. Good morning, Your Honor. May it please the court, Matthew Morris. I represent the United States. I was one of two of the trial counsel below. I will address this ineffective assistance argument first, Your Honor. This court in McGowan has said that there are exceedingly rare exceptions to the general rule that these should best be handled through 2255. And I think this case, as well as this argument so far, has shown why that's the case. There simply is no record here of what happened, what counsel did, why he did it, and importantly, what prejudice, if any, resulted from that. So I appreciate that you're admitting that. What's odd here is that the district court resolved the claims anyway. And I'm kind of troubled by whether we need to do something about that, because it's not clear to me that this can be raised on collateral review when there's already a decision on the merits. What do we do about that? The only decision on the merits, Your Honor, was a finding that, leaving aside the factual disputes, and there were extensive factual disputes between the two dueling declarations, the district court found that there was no prejudice anyway. So looked at what was raised, the claim, at least at the time of what was raised, and I think as the court has recognized, there's now sort of this creeping claims and creeping facts that are coming in now at this level. But the court at that time said, given what's been briefed, given what's been raised, I find that there was no prejudice. Both as to- Why isn't that, the deficient performance prong, I grant you, that would definitely need facts developed outside this record. I don't understand why we can't decide the no prejudice determination right now. There's nothing more that collateral review could produce that's relevant to that question. The trial record was what it was. The district court said, I don't care what you would've said in opposing this motion, I would've granted it anyway. That's not, nothing's gonna change about that. And as to the failure to prepare him for trial, well, we know what the rest of the evidentiary record looked like, let's assume that he shouldn't have testified at all. Well, the judge said that there, you would've gone down regardless. The evidence was overwhelming. What else would the record produce that would be relevant to those questions? Well, I don't know, Your Honor, but our position is, first of all, our position as to the 404B is that we agree with what you just said, which is that the record is clearly sufficient to affirm the denial of the ineffective assistance of counsel claim on the 404B issue. The question of, I was inadequately prepared to testify, the problem, the reason why we didn't take the same position in the brief on that one is that there are these now new facts that have been raised. There's now this request to take judicial notice of what was happening in the state bar court. That was never raised, at least not extensively. It was cited in the district court, but the pages of facts that are laid out by the appellant in this case were not put before the district court. But I think what Judge Watford's point is is that that goes to deficient performance and not to prejudice. So what new facts are there with respect to prejudice that would benefit from a 2255 proceeding? I'm not aware of any as I stand here, Your Honor. I do think it's correct. That is largely the facts of what the first prong of Strickland would cover. I think it's highly likely that if this is then briefed on 2255, the government will likely take the same position, which is that there was no showing of prejudice because the one person in the world best qualified to say that, the district judge, has already opined that the weight of the evidence was overwhelming. But again, because we don't know exactly what this claim is, because it keeps on moving and changing and facts keep on getting brought in that are not raised before, we didn't take that position in the brief. Well, remind me, the problem with Mr. Ray's testimony was that his story was just so unbelievable that it actually hurt rather than in any way helped his cause. Is that the gist of it? Well, the district court said two things. He did say that your testimony was, the incredible nature of your testimony was the final nail in your coffin. And I think the court could infer from that that there is at least some belief by that judge that the testimony hurt rather than helped. But the court specifically did say, even if you hadn't testified, the evidence put in by the government prior to that was so overwhelming it didn't matter. So that was the prejudice prong that the district court found. Okay, so I'm just trying to imagine best case scenario for Mr. Ray. Let's say that it turns out, I don't know, on the 2255 that his lawyer, I guess they could have constructed a better story, one that was more believable, more coherent, whatever. So let's say all that comes out. Are you saying that we need to know the contours of that story to weigh it against the evidence that you all introduced to figure out whether the outcome of the trial might have been different? Because that's the only reason why we would defer this, it seems to me. And if that's your position, then I'd like to know that. If the claim remains the same, I guess as we stand here now, I don't know what the actual claim is by Mr. Ray. If the claim ends up being, if I had been better prepared, I never would have taken the stand at all, then the government's position will be that's been resolved on the prejudice. Now, if the claim changes as it seems to be occasionally, and it becomes, if I had been better prepared, then I would have responded to this cross-examination better. Or if the claim ends up being, if I'd been better prepared, then here are these facts, five or six facts, that I really would have used my direct testimony to get in. Well, at this point, no one's looked at, and no one's evaluated then that question, which is, I would have testified better. But I think it is, and the court's right, that if it simply becomes, I never would have testified at all if I'd been better prepared, that's been resolved. There's also this issue about the bail hearing, though. So he wasn't released pretrial because of his testimony. Do you think that has any relevance? I think the judge said, I don't believe you. You're so unbelievable that I'm not gonna let you out, even though I maybe would have otherwise. I don't remember the exact phrase. But now you've lost all trust, and so you're gonna stay incarcerated pretrial. Isn't that what happened? That is a fair description, Your Honor. So after the trial was over- This is trial testimony, so it couldn't have been pretrial. It was- Oh, that's a good point. It must have been, sorry. But he was released pretrial. Upon his conviction, the government moved for his remand, noting that under the section 3143, the burden now shifts to the defendant to demonstrate by clear and convincing evidence that he's not a flight risk and that he's not a danger. In response to that, Mr. Wray made actual personal assurances to the judge. I promise you I will show up. And in response to that was when the judge said, well, I just watched you commit perjury for 90 minutes yesterday. And so although you're telling me that you'll show up, I don't have any reason to believe you now in light of what I've now learned about you. So thank you for the correction. I misspoke. It was pre-sentencing that this was the issue. But so say he could show on collateral review that he wouldn't have testified, and so he would have had this period of time where he wouldn't have, maybe he would have been out.  on the IAC claim or not? I think it's unlikely, Your Honor, although I guess it's conceivable. Because again, remember that at this point, the defendant has the burden of producing that clear and convincing evidence that he'll show up. So the default is you're going to be remanded upon completion of the trial if the jury finds you guilty. But certainly there would have been a different tenor to his assurances of I promise you I'll be there if in fact he hadn't just committed perjury. Just to be clear on the facts, at the time he took the stand during the jury trial and testified, he was out on pretrial release. That's correct, Your Honor. He wasn't in custody at that point. That's right, he was out for the three or so years between his initial indictment and the trial. What was the defendant's argument in front of the district judge as to how the defendant was prejudiced by the alleged lack of preparation for his testimony? Was his argument I wouldn't have testified had I been better prepared? Or was his argument I would have testified and this is what I would have said, it would have been a lot better for me than what I actually did say? Your Honor, I would... Or was it both? I would have to go look very carefully to be sure that I'm answering correctly, but my recollection is it was simply I wouldn't have testified. Because that was the ruling that the district court did make when it said your testimony was the final nail in your coffin, but even if you hadn't testified, the jury would have found you guilty. So is it the government's position that we could decide that and then there can be a 2255, 2255 where the defendant would then say, well, my first argument on prejudice didn't work, so now I'm gonna try a second one on 2255. Is the government saying that that should be something that the defendant should be allowed to do? Your Honor, I actually had to research this for a different case. I don't think there's clear law in this circuit as to the extent to which he can re-raise an issue that's been briefed and on which he lost. There is actually a case from your home circuit that has said if you've litigated through to a decision on the merits in the court of appeals, you cannot then re-raise that. But we don't have a, at least the last time I researched it, we don't have a case that's commensurate in this circuit that says that. Certainly what would be available to him would be to raise questions of was Mr. Tedman, the other lawyer, ineffective? Was Ms. Hart ineffective? Or perhaps there's a ground to which he could push and say here are other ways in which the counsel was ineffective at some point. So why do we need to remand if the defendant made arguments to the district judge about ineffective assistance, the district judge resolved those arguments, they're before us, and that the defendant might make arguments C, D, E, and F, what difference does that make to what's before us now which is where the defendant made just arguments A and B? Well, to the court's question, there's nothing that needs a remand in this case. That has been the government's position throughout. To the extent that he wants to raise any issues that he thinks he has available and has not exhausted, there is a remedy for that, that's the 2255 procedure. But we would agree a remand at this point is inappropriate because there's nothing to be figured out that can't be held through these other processes. I see I'm down to just a couple of seconds unless there are any further questions. Okay, thank you. Thank you, Your Honor. Appreciate your argument. You have some time for rebuttal. Why don't you start by clarifying what exactly is the nature of the ineffective assistance claim as to his testimony? Is it that he just wouldn't have testified at all or is it something different? They actually did not make it 100% crystal clear in the district court. Ultimately, I think he would have wanted better advice to know if he should have testified, I think is a fair way to say that. Without getting any advice from an attorney, how do you know what you're gonna do? So I think that's part of the problem is he was not able to make an informed decision because he didn't have any advice at all. And then second, as to- How would things have come out differently had he been better advised? So option number one is I wouldn't have testified at all. Isn't it clear that he would have been convicted anyway? Probably, and I think it is clear just based on what I know of the cases, he probably would have testified with better advice because he did sit down with the government for three proper sessions. He was not afraid to tell his story. He knew what his position was and he wanted that out. So I believe he would have testified, he would have probably testified more effectively and if someone had gone through a mock direct examination, a mock cross-examination, which typically, or often happens with counsel preparing a defendant to testify for trial. So he certainly would have been better prepared in that regard. And then as Your Honor noted, that the court really disparagingly considered Mr. Ray's testimony at the motion for bail pending appeal. So you're saying option number two is he would have testified, but he would have done a better job. More effectively. Would that have made a difference? It could have. Given the overwhelming weight of the evidence against him at trial? I think it could have, yes. And how so? Like what could he have said? What could he have possibly said on the stand that would have effectively rebutted the evidence against him presented at trial? Going through the points by points of each of the witnesses for what they testified to. And I mean, it's hard for me to say that there's one magic word that he could have said that would have changed everything. Doesn't that mean that there isn't prejudice? I don't think so, no. Because it's not that the outcome of the trial would have definitely been different. It's whether it undermines our confidence in the outcome of the trial. And the public confidence in the outcome of a trial where a defendant is not prepped at all for testimony, I think is there. I think that the confidence in the outcome of the trial is present. And then as to the 2255, it is difficult because the claims of IAC have now been raised and adjudicated if the court issues a ruling. And then he's precluded from raising those issues in a 2255. And so if the court's gonna rule that he's still allowed to raise other IAC claims on a 2255, I mean, it's gonna require a significant amount of litigation as to what issues could possibly be raised, are they part and parcel, and the same facts and transactions of the claims that have been adjudicated, et cetera. And so considering that Steele does indeed offer this procedure, the court engaged partially in it, but not fully in it. Well, maybe you shouldn't have raised this issue on direct appeal. That's my response. I don't understand why you teed this up for us. You're the one who asked us to rule on this. It's not something that we've jumped out to try to rule on ourselves. And if it's an issue that can be raised on appeal and wasn't raised on appeal, then it's waived for 2255. Well, you thought it could be because you raised it, you put it before us. And so now, I mean, I'm not, I just think it was probably a poor strategic move to do that because you're right. If we end up resolving this, it's gonna create all kinds of headaches. But this is the pickle. Then if I didn't raise it in the direct appeal, the district court took evidence, three declarations from the government, one declaration from the defense. The district court considered this evidence and issued a ruling. That's ripe for appeal. I'm, I believe that my ethical obligation is if there is an issue that's ripe for appeal, I'm required to raise it. But it was decided in the context of the denial of a motion for new trial, right? Correct. So I don't, so if you didn't appeal that, you're saying he couldn't have raised it on a, with a new record on a 2255? I believe there's an argument to be made that that's the case, yes. Okay, well then I guess we need to resolve it on the merits. Okay. And then that will be that. Okay. All right, thank you for your argument. Case just argued will be submitted.
judges: Watford, Friedland, Feinerman